## IN THE MATTER OF SIGNATURE OF THE SOVEREIGN TO AMENDMENTS TO THE CONSTITUTION.

OPINION OF THE JUSTICES OF THE SUPREME COURT TO THE LEGISLATURE.

Article 82 of the Constitution does not require the signature of the Sovereign to an amendment of the Constitution that has passed the Legislature at two consecutive sessions.

          DEPARTMENT OF THE JUDICIARY,

             HONOLULU, December 6, 1892.

*To the Legislature of the Hawaiian Kingdom.*

    The Justices of the Supreme Court have received from Your Honorable Body the following resolution :

    " *Resolved*, that the opinion of the Justices of the Supreme Court be requested upon the following question, namely :

    " When a proposed amendment to the Constitution has passed the Legislature at two consecutive sessions as required by Article 82 of the Constitution, does it take effect and become incorporated in the Constitution without the signature of the Sovereign, or is such royal signature essential to give it effect?"

    Article 82 of the Constitution is as follows : " Any amendment or amendments to this Constitution may be proposed in the Legislature, and if the same shall be agreed to by a majority of the members thereof, such proposed amendment or amendments shall be entered on its journal, with the yeas and

nays taken thereon, and referred to the next Legislature, which proposed amendment or amendments shall be published for three months previous to the next election of Representatives and Nobles; and if in the next Legislature such proposed amendment or amendments shall be agreed to by two-thirds of all the members of the Legislature, such amendment or amendments shall become part of the Constitution of this Kingdom."

There being no words in the Article requiring the signature of the Sovereign to an amendment to the Constitution before it shall become valid, the question arises, is there anything requiring it in other parts of the Constitution or in the laws? We find nothing. Article 48, which provides for the royal signature to bills, the royal veto and the necessary vote to pass a bill over the veto, does not apply to amendments to the Constitution. The paper embodying such a proposed amendment is not a bill. It does not require publication after it has finally passed as is the case with the laws, nor a delay of ten days on the island of Oahu, and thirty days on the other islands, before taking effect. (Civil Code, Sections 1, 2, 3 and 4.) Although the legislative power is vested in the Sovereign and the Legislature by Article 41, this provision does not conflict with or add to Article 82. It clearly refers to the law-making power alone, many other powers being exercised by the Legislature without any participation therein by the Sovereign.

We find that Article 80 of the Constitution of 1864 corresponds substantially with Article 82 of the present Constitution, with one exception, which is, that after a proposed amendment to the Constitution has passed the Legislature, it must receive the approval of the King before it can take effect as a part of the Constitution. The absence of this requirement from the present Constitution is significant of the intention of those preparing it, that the power of amending it should be solely in the Legislature.

The meaning of the Constitution is clear, as we find it in its wording, that the people alone through their Legislature shall have jurisdiction to change or add to its provisions, untrammeled and unhindered by the Sovereign.

APPENDIX A.

We therefore reply to the question submitted to us, that when a proposed amendment to the Constitution has passed the Legislature as provided in Article 82, it takes effect and becomes a part of the Constitution without the signature of the Sovereign.

Very respectfully submitted,

A. F. JUDD,
RICH. F. BICKERTON,
SANFORD B. DOLE.